Good morning. May it please the Court, Lawrence Wolfing on behalf of Joshua Little. This is a social security disability case. It concerns two physicians. One, the examining physician described Mr. Little as having the capacity for simple work with difficulty with reading and writing, and the state agency physician that reviewed the record and described Mr. Little as having the capacity for one- and two-step instructions. And the administrative law judge in this case, with respect to the state agency physician, says, I give this opinion great weight, as the record as a whole and the constitutive examiner's findings support this opinion. So what, as a practical matter, is the difference between these two levels? They seem pretty close to me. Well, they are stair steps. The reasoning levels, there's no overlap in the reasoning levels, according to the DOT. They are stair steps. And so reasoning level two is more complicated in terms of simple work than is reasoning level one. Reasoning level one is one- and two-step instructions. It is the most rudimentary, perfunctory type of work that a person could actually perform. Reasoning level two actually requires some discretion, some judgment. It requires a lot more in terms of the ability to work. In fact, the DOT describes reasoning level two as the ability to understand, remember, and carry out instructions furnished in an oral or written form. What practical difference does it make in this case? In terms of the disability determination? Yes. In terms of the disability determination, the burden is shifted to the commissioner to produce evidence, some evidence that there is work that exists in the national economy. One- and two-step instructions is a type and quantity of work that has evaporated. And if Mr. Little was confronted with evidence at the administrative level that he could perform some identifiable work that the DOT describes as reasoning level one, I would submit that he would have the opportunity at that time as a matter of administrative law to produce evidence that those jobs no longer exist or no longer exist in significant numbers. And you say that did not happen here? It did not happen here because the vocational expert identified reasoning level two work, two occupations requiring reasoning level two. Are you arguing for a remand to resolve this difference or a remand to award benefits? We're arguing for a remand for further proceedings. The record is incomplete. We don't know the answer to the ultimate question of fact, can he engage in substantial gainful activity? And so we're asking for a remand. Yeah. My understanding is the ALJ gave great weight to both of these experts, right? Correct. Correct. The regulations at that time that the ALJ made this decision were explicit that the ALJ must explain the weight given to the medical evidence, the opinion evidence. The regulations now are a little bit more Byzantine but come to the same conclusion, and Ninth Circuit case law requiring an explanation survives. We just need to know the why. If they're different, we can't give them the same weight. We need to pick one and give me some sliver of a reason as to why you picked one over the other. And so a remand would allow the ALJ to reconsider whether the state agency physician opinion is more weighty or the examining physician opinion is more weighty to give some explanation, some legitimate explanation of why, and then question the vocational expert. If there's no further questions, I'll just pause. Okay. Thank you. Thank you. We'll hear from the government. May it please the Court, Henry Chi for the Acting Commissioner of Social Security. The claimant is focusing on just one portion of Dr. Telfer-Tyler's opinion. That's the state agency physician. Claimant argues that Dr. Telfer-Tyler actually opined that claimant was limited to only simple one- and two-step instructions and that that is the most that claimant can do. But in focusing on just that one aspect, claimant actually misses Dr. Telfer-Tyler's opinion that claimant can actually do more. And I'd like to point this to the Court's attention to AR 6566. That's pages 65 through 66 of the administrative record. On these pages, Dr. Telfer-Tyler gives an explicit statement of what claimant's mental, residual, functional capacity is. That is the most that claimant can do despite his impairments. Is that in the excerpts? Where in the excerpts is that? It's on pages 65 through 66 of the administrative record. Those are the page numbers on the bottom right of the excerpts of record. The ALJ gave great weight to both of these experts, correct? Yes. Did the ALJ resolve any of the differences between their opinions or explain why I give weight to both but there is this difference that affects residual capacity? No, the ALJ didn't explain the difference because the ALJ didn't have to. Because if you look at AR 65 through 66, Dr. Telfer-Tyler stated that she analyzed the entire record, including the mental health center records, the CE's records, and she concluded in a pretty explicit statement, claimant is capable of simple instructions, MRFC. Oh, what she said was simple one, two-step instructions. She does say that. I mean, that's pretty basic. That's right down at the bottom. If she thought he could do a lot, why would she tie her opinion to one, two-step instructions? Well, here Dr. Telfer-Tyler gave two opinions on what claimant can do. One of them is on AR 66 where she states claimant is capable of simple instructions, MRFC. That's the most that claimant can do. I'm sorry, where on the page are you reading? On page 66 at the top, there's a little chunk of text. The last portion of that text, it reads CL. That's claimant. Claimant is capable of simple instructions, MRFC, mental residual functional capacity. That's Dr. Telfer-Tyler's opinion of the most that claimant can do. It's consistent with the fact that because claimant can do simple instructions, claimant can also do one and two-step instructions because that's a step below. Well, that seems to be a kind of an odd way of reaching that conclusion. If he could do a great deal more, he could also do one, two. I mean, I read this as saying that that was where this man was. He's in one, two. I suppose other interpretations are arguable, but that was my takeaway. I agree, Your Honor. The state agency physician, I wish he would have done a better job here and not stated the one and two-step instructions. What's the government's objection to just getting this cleared up? I mean, it doesn't make much difference to you or me or us, but it makes a lot of difference to him. Let them get to the bottom of it. Tell us exactly what their conclusions were without us having to read tea leaves. Why does the government object to that? Well, the government's position here is that Dr. Telfer-Tyler actually opined more. But if we were to look at the entire record, the ALJ said that the government's position that there's no ambiguity here? Correct. The government's position here is when the ALJ looks at Dr. Telfer-Tyler's opinion, he's looking at this opinion to determine the most that claimant can do. And the most that claimant can do, based on reading Dr. Telfer-Tyler's opinion in its entirety, is a simple instruction, mental, residual, functional capacity, which she clearly stated. But bottom line, doesn't Telfer-Tyler limit the claimant to level one reasoning level? See, Dr. Telfer-Tyler didn't specifically say that claimant is limited to reasoning level one jobs. She gave a residual functional capacity finding that the ALJ then looked at it and said, okay, it's consistent with the simple instructions, RFC. But even if you were to look at AR 67 through 68, that's when Dr. Telfer-Tyler's rating all the different limitations. If we look at the narrative for the ability to sustain concentration persistence and limitations, this is the bottom in AR 67, Dr. Telfer-Tyler, again, says that claimant would be able to make simple work-related decisions, not simple one, two step work-related decisions, but simple work-related decisions. And claimant's argument is that all of these narrative responses should be exercised out of the opinion to form the residual functional capacity. But if this court were to do that and were to look to see what's the most that claimant can do, even based on this process, it would still show that it's simple work-related decisions. That's the most that claimant can do, and that's consistent with the record. You know, if the ALJ had said what you just said, speaking just for me, I'd have less of a problem with the government's position. I agree. The ALJ could have written his decision better if he would have explicitly said that I'm rejecting this portion or I don't agree with this portion that Dr. Telfer-Tyler's simple one, two step instructions. Sounds like if there is a remand, the government expects to prevail. Because this is certainly not a case to remand and direct the awarded benefits, correct? Correct. It would be difficult to remand in this case because there is a clear statement by Dr. Telfer-Tyler. The ALJ also stated in his opinion why he gave the simple work RFC. That's at AR 92, which is page 7 of the ALJ's decision. He said that the reason he's giving a simple work RFC is based on four data points. It's based on the state agency physician, Dr. Telfer-Tyler's opinion, consultative examiner, Dr. Moran's opinion, Dr. Moran's findings, and just the medical evidence of record. But more than that, we also have statements from claimant himself about what he can do if this court were to look at the function. As I read the record, correct me if I'm wrong, he has just never worked. He's been unemployed for the last 10, 12 years. Correct. The claimant has not worked. But the question here is does claimant have the ability to perform simple work? And the answer to that is if you were to look at the claimant's own function report, this is administrative record 180. It reads, I can follow simple instructions. That's 1 and 2. That's 1-2 level, right? I can follow simple instructions would be consistent with a simple work RFC. There's no limitation to one or two step processes within that statement. That's claimant's own statement. And claimant testified at the ALJ hearing that he could perform warehouse work, provided he didn't have to lift anything heavy due to a limitation in his right arm that the ALJ properly rejected. But a warehouse worker is an alternate title for the labor occupation that the ALJ identified. And so claimant can perform an occupation that the ALJ identified. Can I get you back to page 67? Do you have that in front of you? Yes, Your Honor. Okay. So the ALJ made a statement that claimant has the ability to understand, remember, and carry out simple 1-2 step instructions and work-related procedures. I'd just like to make sure I understand what you think that statement says. How do the two things on either side of the and relate to each other? 1-2 step instructions and work-related procedures. Are they commensurate things or what? To be honest with you, Your Honor, I don't know the answer to that question. I read that as simple 1-2 step instructions, and I would assume 1-2 step work-related procedures. That's how I would read it, but I'm not sure how to answer that question. But I think the bottom line here is that, yes, Dr. Telfer-Tyler gave that opinion here, but she also gave an opinion for a higher level of function, which is the ability to support. This is on page 66. This is on page 66. So that's the government's position is that. There's nothing on page 67 that relates to simple instructions, following simple instructions. I'm just asking you because you spoke somewhat quickly, and I was not able, and you referenced page 67, and I just want to make sure. I wasn't sure where on page 67 you were reading from. Apologies. I was reading at the very bottom of page 67. There's the bold heading that says, Explain a narrative form to sustain concentration and persistent limitations indicated above. So this narrative would presumably be the RFC finding. The second line from the bottom of that page, it says, Also would be able to make simple work-related decisions. So that portion would be the portion that's consistent with the ALJ's RFC finding of simple work. It wasn't simple one- to two-step work-related decisions. Well, maybe if the panel chooses to remand, we'll see if the ALJ can follow simple instructions. Yes, sure. I see that I'm running out of time, so there's no further questions. I respectfully request that this Court affirm, because the ALJ's decision here is really supported by the substantial evidence. Thank you. Thank you. Mr. Olshank, do you have anything further? Just very briefly, Your Honor, thank you. To the extent that Dr. Telford Tyler's opinion might be ambiguous, the ALJ is charged with resolving the ambiguity, and on page 91, which is in Volume 1 of the excerpts, the ALJ tells us what he thinks of Dr. Telford Tyler's opinion. He says, The medical consultant who opined the claimant can understand, remember, and carry out simple one- to two-step instructions in related work procedures. That's the ALJ's understanding of what the state agency said. So when the government argues that the state agency opined more, that's not the ALJ's understanding, and they're not privileged to run away from the ALJ's affirmative finding here, and that's what the ALJ thought about the state agency opinion. So where on page 91 are you reading from? On page 91, in the second paragraph beneath the bold-faced number 5, which is the explicit RFC finding, the second non-bolded paragraph, I base the residual functional capacity on the June 12 opinion of the state agency medical consultant. Then he summarizes it, one- and two-step instructions. He says, and work-related procedures. Correct. Right. What does that mean? The residual functional capacity is broken out into four components. One is understanding and remembering. One is concentration and attention. One is social. And one is adaptation. And so he has the memory functions to do one- and two-step instructions, and he has the concentration to do the attendant work-related procedures. He can attend and concentrate on what he can remember and carry out, which is one- and two-step instructions. Okay. If there's no additional questions, I'll pay down the balance of the time I owe the Court. Okay. Thank you. The case is argued. We stand submitted.
judges: Parker, Kozinski, Hawkins